IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK T. MERKLE and<br>MARILYN K. MERKLE,<br><br>        **Plaintiffs,**<br><br>v.<br><br>BASF CATALYSTS, LLC, BWDAC, INC., DCO, LLC, EATON AEROQUIP, LLC, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, HONEYWELL INTERNATIONAL, INC., IMO INDUSTRRIES, INC., JOHN CRANE, INC., LEAR SIEGLAR DIVERSIFIED HOLDINGS CORPORATION, METROPOLITAN LIFE INSURANCE COMPANY, MORSE TEC, LLC, WESTERN AUTO SUPPLY COMPANY, DAP PRODUCTS, INC., GENUINE PARTS COMPANY, NAVISTAR, INC., RED DEVIL, INC., and PNEUMO ABEX, LLC,<br><br>        **Defendants.** | Case No. 20-CV-00315-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand (Doc. 15) filed by Plaintiffs Jack T. Merkle and Marilyn K. Merkle. The motion seeks to remand the Merkles' state law claims to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

On March 27, 2020, former Defendant Northrop Grumman Corporation filed a notice of removal, asserting "federal officer removal" under 28 U.S.C. § 1442(a)(1), which gives federal courts subject-matter jurisdiction over cases where military contractors seek immunity via the "government contractor" defense." *See Boyle v. Utd. Techs. Corp.*, 487

U.S. 500 (1988). On April 6, 2020, the Merkles filed an amended complaint which terminated Grumman as a defendant (Doc. 16). The Merkles then filed their Motion to Remand, and the remaining Defendants were invited to respond by May 11, 2020 (Doc. 15). That response deadline has now passed.

Considering the current posture of this case, the Court is not confident that it has federal subject matter jurisdiction. Thus, Court would need to retain its supplemental jurisdiction over the claims for this case to proceed in federal court. A district court is permitted to decline the exercise of supplemental jurisdiction over related claims once the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). The decision to relinquish supplemental jurisdiction is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Although the decision is discretionary, '[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *RQJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The presumption may be rebutted when certain exceptions are present, such as: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Id*. at 480.

The Court finds that none of these exceptions applies. The statute of limitations is irrelevant because the case would be remanded and not dismissed, substantial federal resources have not been expended, and it is not obvious how the claims should be

decided.

Also, when deciding whether to exercise supplemental jurisdiction, district courts should consider and weigh "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S 156, 173 (1997); *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). In this instance, a balance of the common law factors warrants remand. The Court has expended relatively minimal resources on this case, and dispositive motions have not yet been filed. In the interest of comity, Illinois courts should resolve the claims. Accordingly, the Court relinquishes its supplemental jurisdiction over the claims and **REMANDS** this action to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:   May 12, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**